

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| DEANA CHIGAROS, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| PROFESSIONAL ENGINEERING | ) |
| CONSULTANTS, PROFESSIONAL | ) |
| ASSOCIATION, a foreign for profit | ) |
| Business association, | ) |
| Defendant. | ) |

DISTRICT COURT
F I L E D

FEB 1 8 2021

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**CJ-2021-00468**

DOUG DRUMMOND

## PETITION

COMES NOW the Plaintiff, Deana Chigaros, by and through her attorneys of record, and brings this action against Defendant, Professional Engineering Consultants, Professional Association, hereinafter "PEC" for the violations of her constitutionally protected rights arising out of her employment and termination by Defendant.

## PARTIES

1. Plaintiff, Deana Chigaros, is a citizen of the State of Oklahoma and a resident of McIntosh County.

2. Defendant PEC is a foreign for profit business association and regularly conducts business in Tulsa County, State of Oklahoma.

3. Defendant PEC regularly employs more than fifteen (15) people.

## JURISDICTION AND VENUE

4. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C. §2000-2 (Title VII), providing for relief against discrimination on the basis of sex.

5. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII, providing relief against retaliation for participation in protected activity.

6. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII, providing relief against a hostile work environment.

7. This is an action for Intentional Infliction of Emotional Distress.

8. Plaintiff, Deana Chigaros, filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff complained to the EEOC of discrimination based on sex, hostile work environment, and retaliation.

9. Plaintiff received a Notice of Right to Sue and this Petition was filed within ninety (90) days of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all administrative prerequisites in this Court under Title VII and the OADA.

10. Jurisdiction of the Court is proper as a court of general jurisdiction.

11. Venue is proper because Defendant may be properly sued in the county where it has its principal office or place of business.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff began her employment with Defendant PEC on January 6, 2020.

13. Plaintiff worked as a Design Technician for PEC.

14. During her employment, Plaintiff experienced disparate treatment and a hostile work environment from her male supervisor, Jimmie Sitz.

15. Plaintiff suffered demeaning and belittling comments from Mr. Sitz while he did not treat Plaintiff's male coworkers in such a manner. Mr. Sitz made a discriminatory phone call

in the Plaintiff's presence where he compared the work of the female deign techs in a demeaning way, making the Plaintiff feel extremely uncomfortable.

16. On March 4, 2020, the Plaintiff complained to the division manager, Scott Uhl, about the disparate treatment she was receiving from Mr. Sitz based on her sex, as well as the hostile environment she felt Mr. Sitz was creating because of her sex and the phone call she heard.

17. Later that same day, Plaintiff was called into a meeting with Mr. Sitz and Mr Uhl, appearing via Microsoft Teams, and was berated by Mr. Sitz and ordered that if she had a complaint she needed to bring it to Mr. Sitz and not involve others.

18. Mr. Sitz then gave Plaintiff the silent treatment for four days, refusing to assist her or work with her.

19. Just five days later, on March 9, 2020, Mr. Uhl came to Tulsa and issued discipline to the Plaintiff for discussing Mr. Sitz offensive gender-based phone call. Mr. Sitz made this phone call in the office for all to hear. Plaintiff informed Mr. Uhl that she felt she was in a hostile work environment and that she suffered from PTSD and extreme anxiety.

20. Plaintiff then complained to Human Resources on March 10, 2020, that she felt the disciplinary action was in retaliation for her complaints about Mr. Sitz and gender-based disparate treatment and hostile work environment.  She refuted the write-up.

21. Mr. Sitz then approached the Plaintiff and asked her whether she got her Trump rally ticket, for a presidential rally occurring in Tulsa the following summer. Mr. Sitz began laughing, clearly assuming the Plaintiff was not attending. The Plaintiff felt this was again, harassment and demeaning behavior based upon sex, as she is a lesbian and Mr.

3

Sitz "joke" clearly presumed to know she was not a Trump supporter based on her sexual orientation.

22. The Covid-19 pandemic hit and the Plaintiff began to work from home. During this time, she still experienced disparate treatment from Mr. Sitz, especially compared to the treatment he gave to a male coworker named Matt. She was accused of making mistakes for which she was not responsible and when she attempted to explain she was not responsible, she was requested to attend a meeting with Mr. Sitz. Mike Hughes, the president of the company, and Mr. Uhl. The Plaintiff responded to the request for a meeting with a list of items she wished to address in the meeting, specifically complaining of a hostile work environment and disparate treatment based upon gender. This occurred on June 18, 2020.

23. The Plaintiff was then terminated from employment on June 26, 2020 for allegedly making a false accusation of sex discrimination. This was clearly retaliatory and constitutes direct evidence of retaliation as the reason stated for her termination from employment was her complaint.

## FIRST CLAIM FOR RELIEF

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff incorporates as if re-alleged paragraphs 1 through 23.

25. By treating the Plaintiff differently than her male coworkers with respect to job performance, discipline, and termination, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

### RETALIATION IN VIOLATION OF TITLE VII

26. Plaintiff incorporates as if re-alleged paragraphs 1 through 25.

27. By disciplining and terminating the Plaintiff's employment because she engaged in protected opposition to discrimination hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF – HOSTILE WORK ENVIRONMENT BASED ON SEX

### DISCRIMINATION IN VIOLATION OF TITLE VII

28. Plaintiff incorporates as if re-alleged paragraphs 1 through 27.

29. By subjecting the Plaintiff to hostile and demeaning behavior based on sex, which was severe and pervasive behavior on an almost daily basis, and by terminating the Plaintiff after she complained about the hostile work environment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;

    d. Her attorney fees and the costs and expenses of this action;

    e. Such other relief as the Court deems just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, equitable relief including reinstatement if feasible, punitive damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Smolen, & Roytman
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*